IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⟋⟍ D.C.

05 SEP 29 PM 3: 11

THOMAS ⟋ ⟍GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

UNION REALTY COMPANY, LTD.,

    Plaintiff,

v.                                                    No. 98-2642 B

NATIONWIDE MUTUAL INSURANCE CO.,

    Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This lawsuit was originally brought by the Plaintiff, Union Realty Company, Ltd. ("Union Realty"), in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, Shelby County, Tennessee. The matter was removed to this Court on July 24, 1998 by the Defendant, Nationwide Mutual Insurance Company ("Nationwide"). At the time the suit was filed, there was also pending in the state circuit court the case of <u>Lorenzo Childress d/b/a Southgate Medical Group v. Union Realty Company, Ltd., et al.</u>, No. 37267-4 T.D. On May 13, 1999, while the <u>Childress</u> matter was moving through the state appeals courts, counsel in this action jointly moved for a stay of these proceedings until the state process was concluded. The basis of the motion was that the issues in the state case were essentially similar in nature and scope to the issues raised herein. The Court's file was administratively closed on August 31, 2000. Following denial of permission to appeal by the Tennessee Supreme Court in December 2002, the Plaintiff petitioned this Court to reopen its casefile, which was granted on February 6, 2003. Before the Court is the November 1, 2004 motion of the Defendant for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on **9-30-05**



Rule 56 provides in pertinent part that a

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on [its] pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S.Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586, 106 S.Ct. at 1356. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

In the state action, Childress, a physician who leased space in a shopping center owned by Union Realty, sued for damages resulting from the failure of the roof over his offices. Consistent roof leakage had been a bone of contention between Childress and Union Realty over a period of time and, thus, was specifically addressed in the parties' lease agreement in force at the time of the

incident.  Childress was awarded damages.  According to the Plaintiff, the instant lawsuit was brought because, during the state trial, Union Realty discovered for the first time that it was listed as an additional insured on an insurance policy issued to Childress by Nationwide.  It alleged in its complaint that the Defendant's actions in pursuing its own insured--Union Realty--in the state case for its subrogation rights which had clearly been waived constituted bad faith, as the insurer knew or should have known the identity of its insured.  The Defendant submits generally that Union Realty was not insured under its policy and seeks summary judgment on several bases, which the Court will briefly address in turn.

First, Nationwide argues that it had no duty to defend Union Realty in the state lawsuit because the Plaintiff's alleged liability did not arise from the portion of the premises leased to Childress.  Specifically, it is Nationwide's position that, as the insured leased premises, that is, Childress's office, was only a part of the entire structure, coverage did not extend to the roof of the shopping center.  It appears to the Court, however, that, while the Defendant's argument may indeed be applicable to the roof as a whole, it does not hold water as to the roof over Childress' practice.  Thus, it is unwilling to grant summary judgment on that basis.

Secondly, it is the contention of the Defendant that, in the event Union Realty could be deemed an additional insured under its policy, the Plaintiff's failure to provide timely notice to the insurer constituted a violation of the insured's policy obligations.  The policy at issue required that notice of an occurrence be given "as soon as practicable" and "immediately" if a claim is made against the insured.  Nationwide maintains that Union Realty's demand for a defense during the state trial, which took place nine years after the occurrence, creates a presumption of prejudice to the insurer.  This argument too is unpersuasive, as the Defendant has offered no evidence to suggest that

3

Union Realty was aware of the coverage prior to 1997.

Factual issues do, however, exist as to the Defendant's remaining arguments in support of a denial of coverage, based in large part on the deposition testimony of Kenneth G. Yeager, Jr., a property claims manager for Nationwide designated by the Defendant as its Fed. R. Civ. P. 30(b)(6) representative.[1]  Yeager testified, among other things, that Union Realty was insured under the Nationwide policy, was covered thereunder for the state lawsuit, and that no policy provision excluded full coverage to Union Realty as to property damage  When asked why Nationwide did not defend Union Realty in the Childress lawsuit, he stated that he could not answer.[2]  Further, the

---

[1]Rule 30, which governs the taking of depositions generally, provides specifically  in subparagraph (b)(6) that

> [a] party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested.  In that even, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . .

Fed. R. Civ. P. 30(b)(6).

[2]Not surprisingly, Nationwide, in an attempt to distance itself from Yeager's rather damning testimony, insists that the statements were outside the scope of the deposition notice, which instructed the deponent to bring with him "the claim file regarding the subject matter," and his knowledge.

Under Rule 30(b)(6), the person designated under the Rule "shall testify as to matters known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). The "reasonable particularity" requirement of the Rule has been interpreted as ensuring that the party produces a witness prepared to give testimony. Detoy v. City and County of San Francisco, 196 F.R.D. 362, 366 (N.D. Cal. 2000). "This renders the description of the scope of the deposition in the notice as the minimum about which the witness must be prepared to testify, not the maximum." Id. Once the minimum standard is satisfied, "the scope of the deposition is determined solely by relevance under Rule 26, that is, that the evidence sought may lead to the discovery of admissible evidence." Id. at 367. In this case, the Court is not convinced that, for purposes of the instant motion, the statements by Yeager should not be considered. The Defendant may, however, seek

Plaintiff's expert witness, Robert W. Lazarus, also interpreted the policy as providing full coverage to Union Realty.  As a consequence, the Court finds that summary judgment is not appropriate.  The motion is therefore DENIED.

IT IS SO ORDERED this 29th day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

an appropriate limiting instruction at trial.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 127 in case 2:98-CV-02642 was distributed by fax, mail, or direct printing on September 30, 2005 to the parties listed.

---

Parks T. Chastain
BREWER KRAUSE & BROOKS
611 Commerce Street
Ste. 2600, The Tower
Nashville, TN 37203

Jerry O. Potter
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

William M. Jeter
LAW OFFICE OF WILLIAM JETER
35 Union Ave.
Ste. 300
Memphis, TN 38103

R. Douglas Hanson
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Karen R. Cicala
LAW OFFICE OF KAREN CICALA
40 S. Main St.
Ste. 2300
Memphis, TN 38103

Richard Glassman
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT