IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNION REALTY COMPANY, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   98-2642 B/An |
| | ) | |
| NATIONWIDE MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
### PRODUCTION OF OPINION LETTERS

Before the Court is Plaintiff's Motion to Compel Production of Opinion Letters filed on October 18, 2005. United States District Judge J. Daniel Breen referred this matter to the Magistrate Judge for determination. For the reasons set forth below, the Motion **DENIED**.

### BACKGROUND

In January of 1991, the Plaintiff was sued by a former lessee, Dr. Lorenzo Childress, Jr. ("Childress"), for property damage and lost business income caused by a leak in the roof of the office space he had rented from the Plaintiff. At that time, Childress had an insurance policy with the Defendant covering his business and personal property and providing for business liability coverage. When Childress began renting space from the Plaintiff, the Plaintiff was added to the liability portion of this policy as an additional insured.

In the suit filed by Childress, a jury found that the Plaintiff was liable for the damages Childress had sustained as a result of the roof leak. In the present litigation, the Plaintiff

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-21-05



contends that the Defendant improperly denied that the policy Childress had covered the damages that led to the lawsuit filed by Childress and that the Defendant had a duty to defend and to indemnify the Plaintiff in this suit. The Defendant, on the other hand, takes the position that the policy it issued to Childress did not create a duty to defend nor a duty to indemnify the Plaintiff for the original suit.

The present Motion concerns the production of two opinion letters in the Defendant's possession, one written by the Defendant's in-house counsel in 1988 and the other written by outside counsel in 1990, concerning the insurance coverage issues in this action. The Plaintiff seeks to compel the Defendant to produce the documents, stating that they are not protected by attorney-client privilege, and even if they are, the Court should still order that they be produced because they are "directly relevant to whether the Defendant acted in bad faith in denying coverage under the policy of insurance at issue in this case." Pl.'s Mtn. p. 1. The Defendants counter that these opinion letters are covered by the attorney-client privilege, that claims of bad-faith do not overcome this privilege, and that there has been no waiver of the privilege.

## ANALYSIS

### I. Applicable Legal Standard

A court can enter an order compelling discovery when the opposing party improperly relies on a privilege and refuses to produce documents. *See* Fed. R. Civ. P. 37(a)(2). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Relevancy, for purposes of Fed. R. Civ. P. 26(b)(1), means "appears reasonably calculated to lead to the discovery of admissible

2

evidence." Fed. R. Civ. P. 26(b)(1); see also *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

One district court has noted that "the party resisting discovery bears the burden of demonstrating that the requested discovery . . . does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) . . . ." *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656-57 (D. Kan. 1999) (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810246, at *1 (D. Kan. Sept. 22, 1994)). In this matter, the Defendant asserts that the opinion letters are protected by the attorney-client privilege which they have not explicitly waived nor has it been waived because the case concerns a bad-faith denial of insurance coverage.

The party raising a privilege has the burden of establishing the existence of the privilege. Fed. R. Civ. P. 26(b)(5). The objection must include sufficient information so that the Court and opposing Counsel can assess the applicability of the privilege. *Watts v. Federal Express Corp.*, No. 99-CV-701, 2001 WL 1661474, at *6 (W.D. Mich. Apr. 11, 2001); *Meridan Diagonostics, Inc. v. Yi.*, No. C-1-00-540, 2001 WL 1842463, at *9-10 (S.D. Ohio Mar. 9, 2001) (holding that a privilege log is required to assess the applicability of the privilege).

The attorney-client privilege is the oldest of privileges and "courts are properly hesitant to intrude upon the private communications of clients and their attorneys." *Royal Surplus Lines Ins. Co. v. Sofamor Danek Group, Inc.*, 190 F.R.D. 505, 509 (W.D. Tenn. 1999). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote

3

broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1988). The privilege, however, is not absolute. *United States v. Goldfarb*, 328 F.2d 280, 282 (6th Cir. 1964). The Sixth Circuit has defined the essential elements of the attorney-client privilege as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

*Id.* at 281 (quoting 8 Wigmore, *Evidence* § 2292, at 554 (McNaughton rev. 1961)). The privilege "should not be extended to accomplish more than its purpose." *Id.* at 282; *see also Humphreys, Hutchenson & Moseley v. Donovam*, 755 F.2d 1211, 1219 (6th Cir. 1985).

In a diversity case, however, the applicability of the attorney-client privilege is determined according to state law. See Fed. R. Evid. 501. Therefore, the Court will look to Tennessee's attorney-client privilege to determine if a privilege is applicable in this case. In Tennessee, "[n]o attorney . . . shall be permitted . . . to disclose any communication made to the attorney." Tenn. Code Ann. § 23-3-105 (2004); see also *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 213 (Tenn. Ct. App. 2002). There are four elements that one must prove in order for the privilege to apply. *Royal Surplus*, 190 F.R.D. at 487. First, the person who asserts to hold the privilege is or sought to become a client. Second, the person to whom the communication was made is a member of the bar of a court or his subordinate and in connection with this communication is acting as an attorney. Third, the communication must relate to a fact of which the attorney was informed by his client without the presence of strangers and for the primary purpose of securing either an opinion on law or legal services or assistance in some legal

4

proceeding and not for the purpose of committing a crime or tort. Fourth, the privilege must be claimed and not waived by the client. Despite the second requirement, however, courts have said that "[t]he privilege applies not only to the client's communications but also to the attorney's communications to his or her client when the attorney's communications are specifically based on the client's confidential communications or when disclosing the attorney's communications would . . . reveal the substance of the client's confidential communications." *Boyd*, 88 S.W.3d at 213.

## II. The Two Opinion Letters

The first opinion letter in question was written by the Defendant's in-house counsel, Virgil Bowles ("Bowles") in 1988 in response to a request for his legal opinion made by one of the Defendant's claims representatives, Tom Mayo ("Mayo"). The second opinion letter was written by outside counsel, Howard Hayden ("Hayden") in 1990 in response to a request for his legal opinion made by one of the Defendant's representatives, Linda True ("True").[1] The Plaintiff argues that these opinion letters are not covered by Tennessee's attorney-client privilege because they were written *from* the Defendant's counsel *to* the Defendant and because they do not relate information learned in confidence from the Defendant. The Defendant has countered this argument, claiming that these letters are covered by the privilege and has provided the affidavits of Hayden and Mayo which aver that the information sought by the Defendant was for legal opinions and advice.

The Plaintiff's argument is misplaced. The attorney-client privilege also covers

---

[1] The Court notes that the attorney-client privilege is identical in application to in-house and outside counsel. *Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981).

5

communication that flows from the attorney to the client when it is in response to legal advice sought by the client and fits under the main elements of the attorney-client privilege. See *Royal Surplus*, 190 F.R.D. at 474-477 (The court held that several documents that flowed from the attorney to the client were protected by the attorney-client privilege). See also *State v. Buford*, 2005 Tenn. Crim. App. LEXIS 887, *22 (Tenn. Crim. App. 2005) (Court found that when a defendant testified concerning advice his attorney had given him, he waived his attorney-client privilege regarding that communication.); *Boyd*, 88 S.W.3d at 213 (The attorney-client privilege applies to the client's communications to the attorney and to the attorney's communications to the client when the communications "are specifically based on the client's confidential communications or when disclosing the attorney's communications would, directly or indirectly, reveal the substance of the client's confidential communications.") Thus, the opinion letters that were requested by the Defendant from their in-house and outside counsel and "stem from specific coverage questions asked by" the Defendant are covered by the attorney-client privilege and may not be compelled absent some waiver of the privilege.

The Plaintiff also argues that if this Court finds that the documents are protected by the attorney-client privilege, the Court should still order their production because of "compelling reasons," namely that the letters would provide evidence of whether or not the Defendant acted in fad faith when it denied coverage. Pl.'s Memo. p. 4. The Plaintiff does not, however, cite any authority upon which it bases this argument other than Rule 1.6 of the Tennessee Rules of Professional Conduct.[2] The Defendant, on the other hand, has provided ample case law in its

---

[2]Rule 1.6 allows an attorney to reveal information relating to the representation of a client in order to comply with an order of a tribunal requiring disclosure.

6

memorandum from other jurisdictions that such documents are not discoverable and the Court is unable to find any authority on point within this jurisdiction.

## CONCLUSION

The Court concludes that the opinion letters of the Defendant are protected by the attorney-client privilege. Case law is clear that when an attorney has communicated with a client in response to legal advice sought by the client, this communication is protected if it is based upon the client's confidential communications or if disclosing the attorney's communication would "reveal the substance of the client's confidential communications." *Boyd*, 88 S.W.3d at 213. Further, there is no case law in this jurisdiction to support the Plaintiff's position that there should be a waiver of the attorney-client privilege when the litigation at issue concerns a bad-faith denial of insurance coverage. As such, the Plaintiff's Motion to compel the production of the Defendant's opinion letters is **DENIED**.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: December 19, 2005

### UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 143 in case 2:98-CV-02642 was distributed by fax, mail, or direct printing on December 21, 2005 to the parties listed.

---

David M. Hannah
BREWER KRAUSE BROOKS CHASTAIN & BURROW
P.O. Box 23890
Nashville, TN 37202--389

Parks T. Chastain
BREWER KRAUSE & BROOKS
611 Commerce Street
Ste. 2600, The Tower
Nashville, TN 37203

Karen R. Cicala
LAW OFFICE OF KAREN CICALA
40 S. Main St.
Ste. 2300
Memphis, TN 38103

Richard Glassman
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Jerry O. Potter
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

William M. Jeter
LAW OFFICE OF WILLIAM JETER
35 Union Ave.
Ste. 300
Memphis, TN 38103

R. Douglas Hanson
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT